UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIANITO RUIZ, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 15-3304 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | OPINION |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff is a state prisoner proceeding through counsel with a civil rights compliant. Presently pending before this Court is defendants' motion to dismiss the complaint. For the following reasons, defendants' motion will be granted in part and denied in part.

## II.     LEGAL STANDARD MOTION TO DISMISS COMPALINT PURAUNT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal,* "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims

are facially plausible. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing,* 764 F.3d at 308 (quoting *Iqbal,* 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. BACKGROUND

Plaintiff alleges that in April, 2013, he was an inmate at the Bayside State Prison. On April 12, 2013, he alleges Correctional Officer Stretch punched him without warning or justified reason. Subsequently, other Correctional Officers, including Correctional Officer McCabe also punched, kicked and struck plaintiff. As plaintiff lay on the ground, he was maced. The beating lasted about five minutes. During this beating, plaintiff alleges that other officers were physically present and were aware that McCabe, Stretch and the other Officers intended to use force on plaintiff, but that they did nothing to stop the use of force of their fellow officers. Plaintiff suffered several injuries as a result of this incident and seeks monetary relief.

In May, 2015, this matter was removed from state court to federal court. Plaintiff raises several claims in his complaint; specifically: (1) excessive force; (2) conspiracy; (3) supervisory liability; (4) failure to intervene; (5) federal civil rights violation; (6) state law assault; (7) state law battery; and (8) state law intentional infliction of emotional distress.

On September 30, 2015, this Court received defendants the New Jersey Department of Corrections ("DOC"), Bayside State Prison, McCabe and Stretch's (collectively the "moving

defendants") motion to dismiss. Plaintiff filed a response in opposition to the motion to dismiss and defendants filed a reply.

## IV.     DISCUSSION

Defendants have raised several points in their motion to dismiss. Each will be considered in turn.

### A. Failure to Exhaust

Moving defendants first argue that the complaint should be dismissed because plaintiff has failed to exhaust his administrative remedies. Failure to exhaust administrative remedies is an affirmative defense under the Prisoner Litigation Reform Act and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *See Jones v. Block*, 549 U.S. 199, 216 (2007). Nevertheless, district courts may dismiss a complaint when the failure to exhaust administrative remedies is apparent from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002). It is not apparent from the face of the complaint whether or not plaintiff has exhausted his administrative remedies. Therefore, this Court will not grant moving defendants' motion to dismiss on this failure to exhaust theory.

### B. "Persons" Under § 1983

Moving defendants next argue that the DOC, the Bayside State Prison as well as Stretch and McCabe in their official capacities, are entitled to have the federal claims against them dismissed because they are not "persons" under 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The DOC is not a "person" subject to liability under Section 1983. *See Tulli–Makowski v. Community Educ. Ctrs., Inc.,* No. 12–6091, 2013 WL 1987219, at *3 (D.N.J. May 13, 2013) (citing *Grabow v. Southern State Corr. Facility,* 726 F. Supp. 537, 538–39 (D.N.J. 1989)); *see also Nadal v. Christie,* No. 13–5447, 2014 WL 2812164, at *4 (D.N.J. June 23, 2014). Furthermore, the Bayside State Prison is also not considered a person. *See Owens v. Armstrong*, No. 15-4911, 2016 WL 1117945, at *12 (D.N.J. Mar. 22, 2016) (citation omitted). Therefore, plaintiff's federal claims against the DOC and the Bayside State Prison will be dismissed with prejudice.

    McCabe and Stretch also argue that the federal claims against them in their official capacities also should be dismissed because they are not considered "persons" as well under Section 1983 in that context. A state official acting in his or her official capacity is not a "person" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, (1989). A suit against a state official acting in his or her official capacity "is not a suit against the official but rather is a suit against the official's office." *Id.* Such a suit is no different than a suit against the State itself, and § 1983 was not intended to override the well-established common law immunity for states being sued without their consent. *See Will*, 491 U.S. at 71. Thus, to the extent that the complaint is suing Stretch and McCabe under § 1983 in their official capacity, these two defendants are entitled to dismissal of those claims against them as well.

C. <u>Supervisory Liability</u>

Moving defendants next argument is that plaintiff's claims against "the State" for supervisory liability should be dismissed. Thus, moving defendants argue that Counts III (Supervisory Liability) and V (Federal Civil Rights Violations) should be dismissed. As stated above, the DOC and the Bayside State Prison are not considered a "person" subject to Section 1983 liability, so these federal claims against these two defendants have already been dismissed with prejudice.

Plaintiff also raises a supervisory liability claim in his complaint against John Doe III, Richard Roe (1-5) and Susan Roe (1-5). At the outset, this Court notes that plaintiff cannot rely solely on a *respondeat superior* theory of liability against a defendant for Section 1983 liability. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior*."). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

Plaintiff's complaint does allege personal involvement against these yet unnamed defendants. Indeed, he alleges these defendants' personal involvement in his failure to intervene claim. The Third Circuit has held "that a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger,* 293 F.3d 641, 650 (3d Cir. 2002). "A corrections officer cannot escape liability by relying upon his inferior or non-supervisory rank vis-vis the other officers." *Id.* "However, an

officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id.* at 651 (citation omitted). In this case, plaintiff alleges that these defendants were present and had the opportunity to stop Stretch and McCabe's use of force against him. Thus, this is not simply a case where plaintiff is relying on respondent superior against these yet unnamed defendants.

Moving defendants also argue that plaintiff has failed to allege a claim against the warden in his role as a supervisor. As this Court has explained;

> the Third Circuit recognized two theories of "supervisory liability" under § 1983. *See Santiago v. Warminster Twp.,* 629 F.3d 121, 129 n. 5 (3d Cir.2010). First, "supervisors can be liable if they 'established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Id.* (quoting *A .M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir.2004). Second, supervisors can be "liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" *Id.* (quoting *A.M. ex rel. J.M.K.,* 372 F.3d at 586).

*Bullock v. Ancora Psychiatric Hosp.*, No. 10-1412, 2011 WL 3651352, at *3 (D.N.J. Aug. 18, 2011). Plaintiff attempts to argue that he has stated a claim against the unnamed warden under the first of these two theories.

> Under this regime, to hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice . . .
>
> [O]ne way—perhaps the easiest way—a plaintiff can make out a supervisor liability claim is by showing that "the supervisory official failed to respond appropriately in the face of an awareness of a pattern of such injuries. But that is not the only way to make out such a claim, as "there are situations in which the risk of constitutionally cognizable harm is so great and so obvious that the risk and the failure of supervisory officials to respond will alone

6

>support findings of the existence of an unreasonable risk, of
>knowledge of that unreasonable risk, and of indifference to it.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001). The complaint alleges that the warden has "permitted, encourages, tolerated, ratified and was deliberately indifferent to a policy, pattern, practice and/or custom of unjustified, unreasonable and illegal use of force by correctional officers at Bayside State Prison[.]" (Dkt. No. 1-2 at p.12) This Court finds plaintiff's allegations against the warden to be conclusory and do not satisfy the *Iqbal* standard to properly state that the warden's policies or practices led to the purported use of excessive force. Therefore, plaintiff's supervisor liability claim against the unnamed warden will be dismissed without prejudice for failure to state a claim.

D.  <u>State Liability for State Law Torts</u>

The DOC argues that it is entitled to dismissal of the state law tort claims against it (assault, battery and intentional infliction of emotional distress). Plaintiff concedes in his response to the motion that he is not seeking relief from DOC on these claims. Therefore, this part of moving defendants' motion to dismiss is denied as unnecessary.

E.  <u>Conspiracy</u>

Moving defendants also argue that plaintiff's conspiracy claims against them should be dismissed. More specifically, they argue that plaintiff has failed to state a claim under 42 U.S.C. § 1985. The relevant portion of Section 1985 states as follows:

>If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or

> advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). To state a claim under section 1985(3), a plaintiff must allege, "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir. 2006) (internal quotation marks and citations omitted). With respect to the second element, "a claimant must allege some racial *or perhaps otherwise class-based,* invidiously discriminatory animus behind the conspirators' action in order to state a claim." *Id.* at 135 (emphasis in original) (internal quotation marks and citation omitted).

According to moving defendants, plaintiff has failed to state a claim because he has not alleged that the conspiracy was based on race or some other suspect class. However, as plaintiff notes in his response, he is not pursuing a conspiracy claim under Section 1985. Therefore, to the extent that moving defendants seek to dismiss the conspiracy claim on this ground, it will be denied.

However, moving defendants also appear to argue that plaintiff has failed to state a conspiracy claim generally. "In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally

protected right...." *Watson v. Sec'y Pennsylvania Dep't of Corr.,* 436 F. App'x 131, 137 (3d Cir. 2011) (citing *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.,* 172 F.3d 238, 254 (3d Cir. 1999), *superseded by statute on other grounds as stated in P.P. v. West Chester Area Sch. Dist.,* 585 F.3d 727, 730 (3d Cir. 2009)). Furthermore, to state a claim for civil conspiracy in New Jersey, "the plaintiff must allege that the defendant (1) entered into an agreement with at least one other person, (2) for the purpose of committing an unlawful act; and (3) one of the conspirators then took at least one overt act in furtherance of the agreement; and (4) plaintiff suffered some damage as a result." *White v. Taylor,* No. 10–5485, 2013 WL 4595885, at *6 (D.N.J. Aug. 28, 2013) (citing *Banco Popular N. Am. v. Gandi,* 184 N.J. 161, 876 A.2d 253, 263 (N.J. 2005)). In this case, the Court finds that plaintiff has sufficiently alleged facts in his complaint so as to permit his conspiracy claims to proceed at this early stage of the proceedings. *See, e.g.*, *Juan v. Rafferty*, 577 F. Supp. 774, 778 (D.N.J. 1984) (allegations of joint beating sufficient to satisfy agreement pleading requirement for conspiracy). Thus, moving defendants are not entitled to dismissal of plaintiff's conspiracy claim.

 F. <u>State Law Claims</u>

  Finally, moving defendants argue that plaintiff's state law claims should be dismissed because plaintiff merely recited the legal standard for the claim which does not satisfy the requirements of Federal Rule of Civil Procedure 8.

  Under New Jersey law, "[a] person is subject to liability for the common law tort of assault if: '(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension. The tort of battery rests upon a nonconsensual touching." *Leang v. Jersey City Bd. of Educ.,* 198 N.J. 557, 591, 969 A.2d 1097 (2009) (internal

quotation marks and citations omitted). Furthermore, "[u]nder New Jersey law, a plaintiff must allege four elements to state a claim for intentional infliction of emotional distress: (1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that the plaintiff's emotional distress was severe ." *Corominas v. Oshrin*, No. 13-6067, 2014 WL 413554, at *2 (D.N.J. Feb. 4, 2014) (citing *Bethea v. Roizman,* 2012 U.S. Dist. LEXIS 139164 at *68–69, 2012 WL 4490759 (D .N.J. Sept. 27, 2012) (*citing Buckley v. Trenton Saving Fund Soc.,* 111 N.J. 355, 544 A.2d 857, 863 (1988))). This Court finds that plaintiff's allegations are sufficient to state a claim for state law assault, battery and intentional infliction of emotions distress such that moving defendants are not entitled to dismissal of these three state law claims.

## V.     CONCLUSION

For the foregoing reasons, moving defendants' motion to dismiss is granted in part. Plaintiff's federal claims against the DOC and the Bayside State Prison are dismissed with prejudice as are plaintiff's federal claims against McCabe and Stretch to the extent they are being sued in their official capacities. Furthermore, plaintiff's federal supervisor liability claim against the unnamed warden of Bayside State Prison is dismissed without prejudice. Moving defendants' motion to dismiss is denied in all other respects. An appropriate order will be entered.

DATED:  June 21, 2016                                         s/Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                               United States District Judge