[Doc. No. 44]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARIANITO RUIZ,<br><br>      Plaintiff,<br><br> v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Defendants. | Civil No. 15-3304 (RBK/JS) |

**MEMORANUM OPINION AND ORDER**

  This matter is before the Court on plaintiff's Motion for Leave to File Amended Complaint. [Doc. No. 44]. The Court received defendants' response [Doc. No. 50], plaintiff's reply [Doc. No. 52], and held oral argument on July 24, 2017. For the reasons to be discussed, plaintiff's motion will be GRANTED.

Background

  The background facts are fairly straightforward though potentially explosive. On April 12, 2013, plaintiff was an inmate at Bayside State Prison. The focus of plaintiff's complaint was that Corrections Officers ("C.O.") Stretch and McCabe beat him up and maced him for no reason, resulting in serious injuries. On March 25, 2015, plaintiff filed suit in state court naming as defendants the New Jersey Department of Corrections, Bayside State Prison, C.O. Stretch, C.O. McCabe and

1

John and Jane Does. The case was removed to federal court on May 13, 2015.

After the Honorable Robert B. Kugler granted and denied in part defendants' motion to dismiss, the Fed. R. Civ. P. 16 Scheduling Conference was held on August 31, 2016. The resulting Scheduling Order set an October 31, 2016 date to amend pleadings. The deadline was later extended to February 15, 2017. On March 22, 2017, plaintiff took the depositions of C.O.'s Togno and Arrowood. These officers essentially testified to the "party line" that plaintiff was subdued after he assaulted C.O. McCabe. C.O. Reeves was deposed on April 12, 2017. Her testimony confirmed part of her written statement that plaintiff first assaulted McCabe. After Reeves' deposition, however, she allegedly told plaintiff's counsel off the record that her testimony was not truthful. Reeves allegedly stated that plaintiff was set up to be beaten by several correction officers, and that Stretch punched McCabe in the face to make it look like McCabe was injured by plaintiff. On May 4, 2017 [Doc. No. 42], the Court granted plaintiff leave to re-depose Reeves. At her second deposition on May 19, 2017, Reeves did not answer any substantive questions and asserted the Fifth Amendment. Plaintiff filed the instant motion shortly thereafter on June 9, 2017.

Plaintiff's motion seeks leave to amend his complaint to add defendants C.O.'s Manning, Togno, Arrowood, Ryan, Reeves, Gribble and Weldon, and Internal Affairs Investigators Hepner and Soltese. The gravamen of plaintiff's amendment is that the C.O.s engaged in a conspiracy to attack plaintiff and then with the aid of their supervisors and investigators, covered up the events and conspired to accuse plaintiff of instigating an assault warranting the use of excessive force. Plaintiff's Brief ("PB") at 1. Plaintiff alleges the named C.O.'s covered up their conspiracy by falsely claiming that plaintiff first struck C.O. McCabe requiring that plaintiff be subdued. Plaintiff alleges Stretch hit McCabe in the face to make it appear McCabe was struck by plaintiff.

Defendants oppose plaintiff's motion arguing it is late, plaintiff cannot establish good cause for his undue delay, defendants and the new parties will be prejudiced by the amendment, and the amendment is futile because it is barred by the statute of limitations. Plaintiff counters that at all relevant times he acted diligently and that he promptly moved to amend after receiving sufficient information to name the new individual defendants. Plaintiff also argues joinder is proper under Fed. R. Civ. P. 15 (c)(1) and 16 (b)(4), and in conformance with N.J.R. 4:26-4. Therefore, plaintiff argues, the proposed amendment is not barred by the statute of limitations.

Discussion

Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." Leave shall be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004)(emphasis in original) (quoting Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)). An amendment sought pursuant to Rule 15(a) shall be permitted unless it would be inequitable or futile. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).[1]

Further, since plaintiff's motion was filed after the Court's February 15, 2017 deadline to amend pleadings, plaintiff must satisfy the standard set forth in Fed. R. Civ. P. 6(b)(1)(B). This rule provides that when an act may or must be

---

[1] Defendants do not argue plaintiff acted in bad faith or repeatedly failed to cure deficiencies in previous amendments.

done in a specified time the Court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of "excusable neglect." In determining whether a party has demonstrated excusable neglect the Court must consider the following five factors:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence, or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

<u>Dominic v. Hess Oil V.I. Corp.</u>, 841 F.2d 513, 517 (3d Cir. 1988). The Supreme Court has explained that the "excusable neglect" inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including, "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380, 395 (1993).

    1.   <u>Good Cause, Undue Delay and Excusable Neglect</u>

For the reasons to be discussed, the Court finds there is good cause to grant plaintiff's amendment, the amendment was not unduly delayed, and plaintiff has established excusable neglect

5

for why his motion was not filed earlier. It is not remarkable that plaintiff could not identify the names of all the persons who participated in his alleged assault, conspiracy and cover-up when he filed his complaint. This sort of information is not easily retrievable. On the rare occasions when conspiratorial evidence exists, it is not typically revealed, if at all, until the end of a case. This case is in the early stage of discovery.

The nature of the information plaintiff recently learned explains why he only named C.O.'s Stretch and McCabe in his complaint. Plaintiff had no good reason not to identify other responsible defendants. The Court credits plaintiff's statement that the off the record statements made by Reeves after her first deposition, combined with her refusal to answer questions at her second deposition, created the basis of plaintiff's inferences against the new proposed defendants. Plaintiff Reply Brief ("PRB") at 2. Also significant is the fact that key audio interviews were not produced until April 4, 2017, after the February 15, 2017 deadline to amend pleadings.

Defendants minimize the significance of Reeves' second deposition and argue she did not reveal any substantive information. However, defendants fail to recognize plaintiff is seeking to join Reeves as a party. The Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence against

6

them. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976); SEC v. Graystone Nash, Inc., 25 F.3d 187, 190 (3d Cir. 1994)(reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits.)

For the foregoing and other reasons plaintiff also satisfies the "excusable neglect" standard in Fed. R. Civ. P. 6(b)(1)(B). Plaintiff's failure to file his motion earlier was not due to inadvertence and plaintiff acted diligently and in good faith. The Court does not know if plaintiff's allegations are true or not. However, given that the "excusable neglect" standard is grounded in equity (Dominic, supra), justice demands that plaintiff be given an opportunity to find out if he was subject to an unprovoked attack by his Correction Officers.

The Court rejects defendants' argument that the new information plaintiff relies upon was available before February 15, 2017. Defendants' Brief ("DB") at 2. Promptly after Reeves' second deposition on May 19, 2017, plaintiff moved to amend his complaint. Prior to May 19, 2017, the depositions of C.O.'s Togno and Arrowood merely confirmed the defendants' party line. It cannot be seriously argued that until Reeves' revelation plaintiff had no basis in fact to believe that a conspiracy existed to assault him and to cover-up this fact. It was not until after Reeves' second deposition that plaintiff had enough information to justify joining the new parties.

7

Defendant argues plaintiff had adequate knowledge and opportunity to join the new parties much earlier because he learned of their names in connection with plaintiff's April 15, 2013 disciplinary hearing, and the officers' reports were produced during discovery. However, none of this evidence gave plaintiff a clue as to the alleged conspiracy and cover-up that may have existed. Plaintiff is not to be faulted because he did not "rush to judgment" to join every C.O. who had any connection to his incident. In fact, plaintiff's prudence is refreshing. No one can seriously contest plaintiff's position that none of the documents he was provided with in discovery gave an indication that his assault was pre-planned and a conspiracy existed to cover it up. PRB at 7.

The mere fact that plaintiff's motion could have been filed earlier is not determinative on whether his proposed amendment should be granted. See Adams v. Gould, Inc., 739 F.2d 858, 869 (3d Cir. 1984)(the mere passage of time, without more, does not require that a motion to amend a complaint be denied): Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n. 19 (3d Cir. 1969)(delay alone is an insufficient ground to deny an amendment). It is not unusual for pleadings to be amended long after a complaint is filed and even at the summary judgment stage of a case. Adams, 739 F.2d at 869. Indeed, amendments may be made during trial, after the close of testimony, or even

8

after judgment. See Wright, Miller & Kane, Federal Practice and Procedure Civil 2d §1494, pp. 51-52. In contrast to these cases, plaintiff's motion was filed at a relatively early stage in the case. Also, not much time elapsed between the deadline to amend pleadings and when plaintiff's motion was filed. In addition, much discovery and depositions remain to be taken before the record is closed.

Defendants also argue plaintiff did not obtain any new credible evidence after February 15, 2017, that led him to now seek to amend. DB at 10. Defendants are wrong since they ignore the off the record conversation with Reeves on April 12, 2017, and Reeves' refusal to answer questions on May 19, 2017. The Court agrees with plaintiff that "[i]t was not until April 12, 2017, during, and more specifically after the deposition of proposed defendant, Lauren Reeves, that plaintiff learned of the proposed named defendants' actions and roles in planning, and carrying out the unwarranted assault on plaintiff and the efforts to cover up same." PRB at 2. The Court will not punish plaintiff because he prudently waited until he received alleged incriminating facts before he moved to join the new parties. Had plaintiff done otherwise, defendants would have likely argued plaintiff indiscriminately joined new parties without supporting facts. The mere fact that the names of the new parties were

listed in documents did not give plaintiff a reason to believe they were involved in a conspiracy and cover-up.

The Court rejects any notion that plaintiff did not act diligently to seek relevant discovery. Plaintiff first sought to depose C.O.'s in January 2017, but the depositions were moved to March 23, 2017, through no fault of plaintiff. Plaintiff will not be penalized because he appropriately accommodated opposing counsel's scheduling conflict. Further, promptly after Reeves' first deposition plaintiff requested leave to depose her a second time over defendants' objection. In addition, plaintiff moved to amend promptly after Reeves' second deposition. This evidences that at all relevant times plaintiff acted diligently without undue delay.

2. Futility

Defendant argues plaintiff's amendment is futile because it is barred by the statute of limitations.[2] The statute of limitations that applies to plaintiff's civil rights and tort claims is two years. Walls v. County of Camden, C.A. No. 06-5961 (JEI), 2008 WL 4934052, at *3 (D.N.J. Nov. 13, 2008); N.J.S.A. §2A:14-2. Plaintiff's original complaint was filed on March 25,

---

[2] Plaintiff also argues there is no good cause to name C.O.'s Arrowood, Weldon and Ryan, C.O. Gribble, and investigators Hepner and Soltese. The Court disagrees. Based on what Reeves told plaintiff's counsel, plaintiff may reasonably infer that a conspiracy of silence existed amongst all the C.O.'s and investigators involved with plaintiff's incident. The Court is of course not weighing in on the merits of Reeves' accusations.

2015. Since the present motion was filed on June 9, 2017, more than two (2) years after the complaint was filed, plaintiff's claims are barred by the statute of limitations unless they relate back to the filing of the original complaint.

Pursuant to Rule 15(c)(1)(A), an amended complaint relates back to the filing of the original complaint if relation back is allowed under the law that provides the applicable statute of limitations, in this case, New Jersey law. The relevant New Jersey Rule, R. 4:26-4, which applies to actions in which fictitious or John Doe parties are named, provides:

> [I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

As the Rule states, when pleading fictitiously the pleading party must not know the true identity of the fictitious defendant and must include in the pleading an appropriate description sufficient to identify the defendant. N.J.R. 4:26-4; Rutkowski v. Liberty Mut. Ins. Co., 209 N.J. Super. 140, 146 (App. Div. 1986).[3] Additionally, the "fictitious party rule may be used only if the plaintiff exercised due diligence to

---

[3] The John and Jane Doe parties were identified in plaintiff's complaint. See Compl. ¶¶ 4-8, Doc. No. 44-2. Defendants do not challenge whether the John and Jane Doe parties were appropriately identified.

11

ascertain the defendant's true name before and after filing the complaint." DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d. Cir. 2004). "A plaintiff will be precluded from using R. 4:26-4 if, through the use of diligence, the defendant's identity could have been determined prior to the running of the statute of limitations." Monaco v. City of Camden, C.A. No. 04-2406 (JBS), 2008 WL 408423, at *4-5 (D.N.J. February 13, 2008).

As the New Jersey Supreme Court has not provided a "standard definition" of due diligence, its meaning is determined on a case-by-case basis. DeRienzo, 357 F.3d at 354 (citing O'Keefe v. Snyder, 83 N.J. 478, 499 (1980)). The standard, however, is not onerous. See, e.g., Ortiz ex rel. Rivera v. City of Camden, C.A. No. 11-2300 (NLH/AMD), 2013 WL 1811895, at *4-5 (D.N.J. Apr. 29, 2013) (plaintiffs, though "not tenacious in their quest to identify the officers" to be named in the complaint, satisfied the due diligence requirement by naming them after their names were revealed through discovery). While the definition is fluid, "[t]he New Jersey Supreme Court has instructed that [the district] court should broadly interpret the diligence requirement to one of a 'good faith' effort by plaintiff to determine the fictitious party's identity." Ortiz, 2013 WL 1811895, at *5 (citation omitted).

Application of the fictitious party rule must not prejudice the defendant "by the delay in [his] identification as a potentially liable party and service of the amended complaint." Claypotch v. Heller, Inc., 360 N.J. Super. 472, 480 (App. Div. 2003) (citing Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 122 (1973)). Factors which New Jersey courts have found to constitute substantial prejudice include destruction or alteration of evidence after the initial discovery period, frustration of attempts at subsequent examination, witness unavailability, or memory lapse due to delay. DeRienzo, 357 F.3d at 356. Thus, whether plaintiff may avail herself of N.J.R. 4:26-4 turns on three factors: (1) whether plaintiff exercised due diligence in identifying the proposed defendants; (2) whether the lapse of time has prejudiced the proposed defendants; and (3) whether plaintiff acted with due diligence in substituting the proposed defendants once they were identified. The Court finds that plaintiff has met these requirements.

For the same reasons already discussed, the Court finds plaintiff exercised due diligence to identify the proposed defendants. Plaintiff promptly undertook written discovery and depositions and followed up with a second deposition of Reeves after the key off the record conversation took place. Although the names of the proposed defendants may have been mentioned in

13

some documents exchanged in discovery, this did not put plaintiff on notice of defendants' alleged conspiracy and cover-up. The applicable case law requires due, not perfect diligence. Plaintiff satisfied this standard and unquestionably made a good faith effort to identify the John and Jane Doe parties. Ortiz ex rel. Rivera, supra. Further, plaintiff acted diligently to substitute the new parties after their potential liability came to his attention. Plaintiff's motion was filed promptly after Reeves' second deposition.

The Court disagrees with defendants that the new parties will be prejudiced by their joinder. These parties' versions of what happened on April 12, 2013 is well documented in written statements and oral recordings. It is unlikely these parties have no recollection of what happened or that their recollections will not be refreshed by the evidence and statements that already exist. Further, it is not alleged that any relevant witnesses are no longer available or that key evidence has been lost or destroyed. The Court acknowledges the joinder of the new parties will lengthen the case, create more discovery and delay the ultimate outcome. However, this is not the sort of prejudice that warrants denying plaintiff's motion. The Court will adjust the current scheduling deadlines to assure that defendants and the new parties have a reasonable opportunity to prepare and present their defense. To the extent

14

any relevant evidence is not available, blame will not be foisted on plaintiff. All relevant evidence regarding the investigation of plaintiff's incident was in defendants' exclusive possession.

Since plaintiff adequately described the fictitious parties in his complaint, plaintiff exercised due diligence to identify the new defendants, the proposed defendants are not prejudiced by their joinder, and plaintiff acted diligently to move to substitute the new parties after they were identified, plaintiff has satisfied the relation back criteria in N.J.R. 4:26-4. Thus, plaintiff's amendment is not barred by the statute of limitations.

    3.   <u>Prejudice</u>

The Court rejects the argument that defendants and the proposed defendants are prejudiced by granting plaintiff's motion. Prejudice to the nonmoving party is the "touchstone" for the denial of an amendment pursuant to Fed. R. Civ. P 15(a). <u>Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n</u>, 573 F.2d 820, 823 (3d Cir. 1978). The burden of proving prejudice resulting from an amendment is on the nonmoving party. <u>In re Bristol-Myers Squibb Securities Litigation</u>, 228 F.R.D. 221, 228 (D.N.J. 2005). Prejudice in this context involves a showing that "an unfair disadvantage or deprivation will result by allowing the amendment." <u>Id.</u> "Prejudice" for purposes of

15

deciding whether to permit a proposed amendment involves serious impairment of the non-party's ability to present its case. Harter v. GAF Corp., 150 F.R.D. 502, 509 (D.N.J. 1993). Further, undue prejudice exists where the nonmoving party shows it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered. Harrison Beverage Co. v. Dribeck Importers, Inc., 113 F.R.D. 463, 468 (D.N.J. 1990).

No undue prejudice will result from granting plaintiff's motion. All relevant evidence should still be available and the current scheduling order will be amended to give all parties a fair opportunity to conduct discovery and present their claims and defenses. Given the extensive investigation of plaintiff's April 12, 2013 incident, defendants cannot credibly argue that relevant evidence is not readily available. To the extent any relevant evidence is not available, defendants are to blame since the relevant investigation reports and recordings were under defendants' exclusive possession. Defendants' possible spoliation will not inure to their benefit.

Conclusion

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 25th day of July, 2017, that plaintiff's Motion for Leave to File Amended Complaint is GRANTED. By July 28, 2017, plaintiff shall file his proposed amended complaint [Doc. No.

16

44-7] and serve the pleading in accordance with the Federal Rules of Civil Procedure. This Order is entered without prejudice to the rights of the defendants and new parties to assert all appropriate defenses.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

Dated: July 25, 2017