```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARIANITO RUIZ, | 1:15-cv-3304 (NLH) (JS) |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**APPEARANCES**:

John C. Connell, Esq.
Nicholas Franchetti, Esq.
Archer & Greiner, P.C.
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
    Counsel for Defendant Lauren Reeves

Gurbir S. Grewal, Attorney General of New Jersey
Michael R. Sarno, Deputy Attorney General
Office of the New Jersey Attorney General
R.J. Hughes Justice Complex
PO Box 116
Trenton, NJ 08625
    Counsel for Defendants Jerry Stretch, James McCabe, Kevin Manning, Thomas Togno, Matthew Arrowood, Michael Ryan, Gerald Gribble, Stephen Weldon, Brenda Hepner and Edward Soltys, i/p/a Saltese

Richard A. Stoloff, Esq.
Law Offices of Richard A. Stoloff
605 New Road
Linwood, NJ 08221
    Counsel for Plaintiff Marianito Ruiz

**HILLMAN, District Judge**

WHEREAS, on August 8, 2019, Defendants filed motions for summary judgment asking the Court to dismiss Plaintiff Marianito Ruiz's amended complaint, see ECF Nos. 130 & 131; and

WHEREAS, Defendants submitted certain exhibits in hard copy only pursuant to a discovery confidentiality order issued by Magistrate Judge Joel Schneider; and

WHEREAS, Defendants move to seal Exhibits A-F and H-L[1] which were attached to the Certification of Michael R. Sarno, DAG, but not filed on the public docket in any form for the Court's consideration, see ECF Nos. 155 and 156; and

WHEREAS, Plaintiff seeks to seal the exhibits to his opposition to Defendants' motions, see ECF No. 152; and

WHEREAS, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records.  The public's right of access extends beyond simply the ability to attend open court proceedings.  Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted); and

---

[1] Defendants do not seek to seal Exhibit G.

WHEREAS, a party seeking to seal portions of the judicial record from public view bears party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Millhouse v. Ebbert, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted); and

WHEREAS, a motion to seal or otherwise restrict public access is governed by Local Civil Rule 5.3 and states that that motion shall be "a single, consolidated motion on behalf of all parties."  The parties have not complied with the Local Rule as they have filed two separate motions to seal and it does not appear they have conferred "in an effort to narrow or eliminate the materials or information that may be the subject of a motion to seal." Local Civ. R. 5.3(c)(2)(i).  Moreover, the Rule contemplates that redacted materials be filed on the public docket and the unredacted materials be filed under temporary seal while the motion is pending before the Court, Local Civ. R. 5.3(c)(4).  Defendants have not filed their unredacted materials on the docket under temporary seal; and

WHEREAS, the parties may file a conforming motion nunc pro tunc within 5 days of this Order

THEREFORE, IT IS on this  5th  day of March, 2020

ORDERED that the parties shall file a motion to seal in

3

compliance with Local Civ. R. 5.3 within 5 days of this Order.


At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.