# EXHIBIT H

(Pursuant to the DCO only hard copies will be provided)

# ATTACHMENT

# IAU/KNIGHT'S FARM

# ADMINISTRATIVE

# INVESTIGATION

# REPORT

# RE: I/M MARIANITO RUIZ 988235B

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

 

**NEW JERSEY DEPARTMENT OF CORRECTIONS**
**SPECIAL INVESTIGATIONS DIVISION**
**ADMINISTRATIVE INVESTIGATION**

Report By: HEPNER, REDACTED  Title: ALLEGATIONS OF STAFF ASSAULT ON INMATE    Case:
REDACTED
2013-04-24-002-SIDIA

Date of Incident: 4/14/2013 12:00:00 AM
Date Reported: 4/22/2013 12:00:00 AM
Type of Incident: ADMINISTRATIVE CASE /SID ADMIN REFERRAL
Location of Incident: BAYSIDE STATE PRISON, P.O. BOX F-1, LEESBURG, NJ 08327  CUMBERLAND, MAURICE RIVER TOWNSHIP

| Name of Person (s) Involved: | Name of Staff Involved: |
|---|---|
|  | 1. MCCABE, JAMES |
|  | 2. STETCH, JERRY |

## DETAILS OF INCIDENT:

On April 22, 2013, the Special Investigations Division (SID), Internal Affairs Unit (IAU) received a referral from Chief Investigator REDACTED Bolden who received notification from Principal Investigator REDACTED Crotty, at the Bayside State Prison (BSP), that inmate Marianito Ruiz 808218/988235B alleged that he was assaulted by several unknown Correction Officers. It should be noted that inmate Ruiz's sister REDACTED Ruiz) also sent a letter of complaint to both the New Jersey Department of Corrections/Commissioner's Office as well as the SID Office requesting an investigation into the matter.

On April 12, 2013, at the time of the alleged incident a Code -33 (Officer needs assistance) was called via radio by Sergeant (Sgt.) REDACTED Ryan at approximately 4:50 p.m. on Echo Unit. According to the Preliminary Incident Report (M4-112-11) Sgt. Ryan was called to report to Echo Unit by Senior Correction Officer (SCO) James McCabe after inmate Ruiz refused to lock into his cell during the mess movement (diner service). When Sgt. Ryan arrived on the unit he observed inmate Ruiz fighting with SCO McCabe and SCO Jerry Stretch., at which time he called a Code 33 requesting assistance. Sgt. Ryan reported that due to inmate Ruiz's combative behavior SCO Stretch struck inmate Ruiz in the face with a closed fist in order to gain control of the inmate and take him to the ground so that they could apply mechanical restraints (cuffs) on inmate Ruiz.

According to the Incident report, inmate Ruiz continued to resist and kick the Officers after being taken to the floor. Inmate Ruiz continued to ignore verbal commands to stop resisting, at which time SCO REDACTED Manning employed a short burst of O.C. Spray into inmate Ruiz' face, which enabled the Officers time to gain control of the inmate and secure the cuffs onto inmate Ruiz.

On April 12, 2013, SCO McCabe issued inmate Ruiz a disciplinary charge for assaulting him. In that charge SCO McCabe stated that inmate Ruiz refused to comply with a verbal order to lock into his cell. SCO McCabe then stated that inmate Ruiz refused to go back to his cell so SCO McCabe

PAGE 1 OF 7

ordered inmate Ruiz to have a seat and called for a supervisor, at which time inmate Ruiz "charged" at him and punched him in the left eye. It should be noted that SCO McCabe did have a red mark under his left eye which was documented and photographed by Custody staff members (Photos included).

On April 12, 2013, inmate Ruiz was issued three separate Institutional Disciplinary Charges, two counts of *.002- (assaulting any person) and one .306- (conduct which disrupts or interferes with the security or orderly running of the correctional facility).

Prior to being placed in Pre-Hearing Detention, inmate Ruiz was taken to the infirmary and given a medical evaluation. According to the Custody report filed, Nurse REDACTED Gottwald (Registered Nurse) noted the following injuries to inmate Ruiz: Severe swelling and contusions of the right side of face with right eye swollen closed (noted possible bleeding from eyelid); Swelling, contusion, and approx ½ inch laceration to nose.

Visual observations included: "bruising, swelling and ½ laceration to nose; large amount of bruising and swelling to right side of face and around right eye and a contusion to left ear. Redness and multiple scratches 1 to 2 inches long on upper and mid back. Unable to lift right arm or shrug shoulders; complains of severe discomfort".

Nurse Gottwald also indicated that inmate Ruiz complained that he couldn't breathe; however, she indicated she found no respiratory distress indicating "I/M able to speak in sentences". Nurse Gottwald also noted that inmate Ruiz complained about joint pain and joint swelling.

Nurse Gottwald contacted the BSP/physician (Dr. REDACTED Pomerantz, MD) via Telephone who gave verbal orders to have inmate Ruiz sent out to the local hospital for medical evaluation and/or treatment based upon the reported injuries.

Inmate Ruiz was transferred to Southern State Correctional Facility (SSCF) for Pre-Hearing Detention without incident and subsequently, sent to the Cooper University Hospital in Camden were he was treated for multiple injuries sustained during the incident in question (see medical reports attached).

It should be noted that SCO McCabe and SCO Stretch were also sent to the infirmary for medical evaluation as a result of this incident and subsequently, referred to the South Jersey Regional Medical Center for a follow up evaluation and/or treatment.

Nurse Gottwald noted that SCO Stretch sustained a scratch approximately ½ long to the right knuckle of his pointer finger and swelling to the upper knuckles of his ring and pinkie fingers. It was reported that range of motion was good but caused discomfort.

Nurse Gottwald noted that SCO McCabe sustained a contusion, redness and swelling to and around his left eye. Officer denied any change of vision at this time. SCO McCabe also sustained a scratch approximately 1/3 inch to the upper knuckle of his right middle finger.

Photographs of these injuries were taken of both Officers by Custody Staff members and given to the BSP/SID for evidence.

On April 15, 2013, inmate Ruiz was seen by the Disciplinary Hearing Officer REDACTED Zimmerman) at SSCF, at which time he was found guilty of the *.002- (assaulting any person) against SCO

PAGE 2 OF 7

Stretch and SCO McCabe, as well as the .306- (conduct which disrupts or interferes with the security or orderly running of the correctional facility). Inmate Ruiz received a sanction of 10 days Detention, 365 day Administrative Segregation, and 365 days loss of Computation Credits for each of the three disciplinary charges.

It should be noted that inmate Ruiz was transferred to the Northern State Prison (NSP) in Newark, New Jersey where he is currently serving his sanction.

On April 15, 2013, Principal Inv. Crotty interviewed inmate Ruiz regarding the assault against Custody Staff members. Prior to questioning him, Prin. Crotty advised inmate Ruiz of his Miranda Warning and had him sign the form indicating that he understood his rights. Inmate Ruiz denied assaulting the Officers, SCO Stretch or SCO McCabe. Inmate Ruiz also provided Prin. Crotty with a written statement alleging that he had asked SCO McCabe if he could move cells, at which time SCO McCabe allegedly said something to the fact that the only way he (inmate Ruiz) would be moved was on a stretcher or if he assaulted an Officer. Inmate Ruiz alleged that the inmates on the unit were calling him a "snitch" and that SCO McCabe had thought that he assaulted a cop on "the streets". Inmate Ruiz indicated that he went to his cell to get a copy of his "street charges" to show the Officers, however when he returned, the Officers (McCabe, Stretch and other unidentified Officers) had put on gloves (Blue latex) and began to "attack" him. Inmate Ruiz also alleged that he heard one of the Officers (unidentified) say "someone had to get hit", at which time he heard one of the Officers hit a fellow Officer so they could accuse him of assaulting them. It should be noted that Prin. Inv. Crotty took photographs of inmate Ruiz' injuries at this time for evidentiary purposes which will be included with the case file.

On April 25, 2013, Senior Investigator REDACTED REDACTED and I interviewed inmate Ruiz at NSP, which was recorded on audio/video. Inmate Ruiz alleged that he was afraid of unknown inmates after hearing someone say he was "food", which he believed was directed at him as meaning that someone would assault him. Inmate Ruiz could not say who but requested to talk with a supervisor so that he could move to another unit. Inmate Ruiz alleged that SCO Stretch gave him a form (Inmate Request Form) to file and later that day when he was bringing the form back to SCO Stretch, SCO McCabe took the form and began reading it in front of the other inmates and calling him a "snitch".

Inmate Ruiz alleged that another Officer (SCO REDACTED Togno) accused him of assaulting a "Street Cop". Inmate Ruiz denied it and said he would show them his charges so that they wouldn't think that he assaulted Police Officers. Inmate Ruiz alleged that when he came back from his cell four Officers were standing at the gate with blue latex gloves on. Inmate Ruiz alleged that SCO Stretch started punching him in the face, at which time he dropped to the floor, in an attempt to protect himself from the assaulting Officers.

Inmate Ruiz indicated that he did not know who the Officers were however; he knew that SCO Stretch was responsible for hitting him first but after he dropped to the floor he did not know who was hitting him. Inmate Ruiz was shown several pictures from the Employee Identification System (ID Cards) devised from the Incident Report in order to identify the alleged assailants; however he could not identify who assaulted him other than SCO Stretch. It should also be noted that inmate Ruiz indicated that the picture of SCO McCabe shown in the photographs was not the Officer who he had spoken with on the unit. A review of the BSP Custody Employee Roster listed only one SCO McCabe (James McCabe).

Inmate Ruiz denied striking or kicking any of the Officers during this assault. It should be noted that

PAGE 3 OF 7

inmate Ruiz indicated that the Kitchen workers were still feeding inmates when the Officers attacked him, however he could not identify anyone by name. It should be noted that this Investigator interviewed inmate REDACTED to confirm if inmate Ruiz had returned to his cell during mess to retrieve paperwork, however REDACTED indicated that he had no knowledge of inmate Ruiz' actions or the incident between inmate Ruiz and the Unit Officers.

On April 29, 2013, Prin. Investigator REDACTED Soltys and I interviewed the Kitchen workers from Echo Unit. The following is a list of those inmates interviewed (each separately) by Prin. Investigator Soltys and myself.

REDACTED

On April 29, 2013, Prin. Investigator REDACTED Soltys and I also interviewed several other inmates assigned to Echo unit. The following is a list of those inmates interviewed:

REDACTED

All of the inmates denied witnessing any physical altercation between inmate Ruiz and the Officers in question. Additionally, all of the inmates indicated that when a code is called on the unit they are to drop to the floor immediately; look away from whatever situation is being addressed, and wait for further instructions by the Officers. It should be noted that the majority of inmates interviewed declined to provide written statements at the conclusion of the interviews.

On April 30, 2013, a copy of this report was forwarded to the Cumberland County Prosecutor's Office for potential criminal review.

On May 30, 2013, this Investigator received a written notification from Mr. REDACTED Shapiro (First Assistant Prosecutor for Cumberland County) who indicated that there was insufficient evidence to establish criminal conduct and therefore, they would not be pursuing criminal charges at this time.

It should be noted that this Investigator interviewed the following Officers who were working on the unit at the time in question and/or responded to the unit during the incident. All interviews were recorded on video and /or audio.

On June 6, 2013, Senior Investigator REDACTED Manera and I interviewed Sergeant (Sgt.) REDACTED Boaggio, SCO REDACTED Carsten, SCO REDACTED Parker, and SCO REDACTED Williams, each separately, who were assigned to escort inmate Ruiz off the unit. Prior to any questioning each Officer was advised of his Weingarten Administrative Rights and signed the Administrative Form indicating such. Each Officer chose to have PBA Union Representative, SCO REDACTED Gribble, present during the

PAGE 4 OF 7

interviews. Sgt. Boaggio stated that he responded to E-Unit after a code-33 was called. Sgt. Boaggio indicated that upon his arrival inmate Ruiz was already placed in restraints and compliant, at which time he and several other Officers escorted inmate Ruiz to the infirmary without further incident. SCO Carsten, SCO Parker, and SCO Williams also each indicated that inmate Ruiz was on the floor and placed into restraints (Hand Cuffs) prior to their arrival on the unit. Additionally, all the Officers interviewed denied witnessing and/or participating in any type of assault against inmate Ruiz.

On June 6, 2013, Senior Investigator Stephen Manera and I also interviewed SCO REDACTED Manning. Prior to any questioning SCO Manning was advised of his Weingarten Administrative Rights and signed the Administrative Form indicating such. SCO Manning chose to have PBA Rep. REDACTED Gribble present during the interview at which time he denied assaulting and/or participating in an assault against inmate Ruiz. SCO Manning stated that inmate Ruiz was combative and resisting when he (SCO Manning) was forced to use O.C. Spray on inmate Ruiz in order to gain control of him so that they could place inmate Ruiz into restraints (Hand Cuffs). SCO Manning denied witnessing anyone assault or use excessive force against inmate Ruiz.

On June 7, 2013, Principal Investigator REDACTED Soltys and I interviewed the following list of Officers. Prior to any questioning they were each advised of their Weingarten Administrative Rights and chose to have PBA Rep. REDACTED Gribble present during the interview process.

SCO REDACT Cooper, who was assigned to escort inmate Ruiz off the unit, stated that inmate Ruiz was already secured prior to his arrival on the unit and that he assisted in escorting inmate Ruiz off the unit without incident. SCO Cooper denied witnessing any Officers assault inmate Ruiz.
SCO REDACTED Welden indicated that he was assigned to assist with "mess" (meal time) on the unit at the time of the incident. SCO Welden stated that he heard a disturbance and when he looked where the noise was coming from he saw SCO McCabe physically struggling with the inmate. SCO Welden stated that he immediately began securing the other inmates on the unit into their cells. SCO Welden denied witnessing any Officers use excessive force against inmate Ruiz.

SCO REDACTED Arrowood indicated that he observed inmate Ruiz come out of his cell without a food tray and approach SCO McCabe. SCO Arrowood stated that he saw inmate Ruiz punch SCO McCabe in the face, at which time he ran over to assist with taking inmate Ruiz to the ground and securing him. SCO Arrowood indicated that inmate Ruiz continued to be combative, at which time SCO Manning was forced to use O.C. Spray against him. SCO Arrowood denied assaulting and/or witnessing any Officers assault or use excessive force against inmate Ruiz.

SCO REDACTED Reeves indicated that she was assigned to assist with the mess movement of E-Unit at the time of the incident. SCO Reeves stated that she observed inmate Ruiz punch SCO McCabe in the face, at which time she responded to assist in the take down of inmate Ruiz. SCO Reeves stated that inmate Ruiz was combative and resisted attempts to secure him, at which time SCO Manning use O.C. spray to gain control of the inmate. SCO Reeves denied assaulting and/or witnessing any Officers assault or use excessive force against inmate Ruiz.

SCO McCabe stated that he was assigned to work on E-Unit at the time of the incident. SCO McCabe stated that inmate Ruiz came out of his cell without a tray, at which time he was ordered to return to his cell. SCO McCabe indicated that inmate Ruiz refused to lock in and wanted to see a supervisor to be moved off the unit. SCO McCabe indicated that he told inmate Ruiz to sit down at the table, at which time he (SCO McCabe) proceeded to call for a supervisor (Sgt. REDACTED Ryan via the hand held radio). SCO McCabe indicated that inmate Ruiz turned around as if he was complying

but then took a swing at him, hitting him in the left eye. SCO McCabe stated that he struggled with the inmate to take him to the ground but inmate Ruiz continued to resist and fight with him. SCO McCabe stated that several other Officers assisted in getting inmate Ruiz to the floor and that inmate Ruiz continued to resist until SCO Manning deployed O.C. Spray on him (Ruiz). SCO McCabe denied assaulting and/or witnessing any Officers assault or use excessive force against inmate Ruiz.

On July 19, 2013, Senior Investigator REDACTED Manera and I interviewed SCO REDACTED Togno. Prior to any questioning SCO Togno was advised of his Weingarten Administrative Rights and signed the Administrative Form indicating such. SCO Togno chose to have PBA Rep. REDACTED Gribble present during the interview at which time he denied assaulting or participating in an assault against inmate Ruiz. SCO Togno stated that he was working the unit when he observed inmate Ruiz punch SCO McCabe in the face. SCO Togno stated that SCO Manning ran to assist SCO McCabe and he began to secure the unit to prevent any escalation of the situation.

On July 19, 2013, Senior Investigator Manera and I interviewed SCO Jerry Stretch. SCO Stretch stated that he was assigned to work in E-Unit. Prior to any questioning SCO Stretch was advised of his Weingarten Administrative Rights and chose to have PBA Rep. REDACTED Gribble present during the interview. SCO Stretch stated that he was assisting to run "mess" when he saw inmate Ruiz punch SCO McCabe. SCO Stretch indicated that he ran over to inmate Ruiz and attempted to restrain him by punching him (Ruiz) in the facial area. SCO Stretch stated that inmate Ruiz continued to be combative and resistant until O.C. spray was employed against him. SCO Stretch denied assaulting and/or witnessing other Officers assault inmate Ruiz.

On July 22, 2013, Principal Soltys and I interviewed Sgt. REDACTED Ryan who was assigned as the area Sergeant. Prior to any questioning Sgt. Ryan advised of his Weingarten Administrative Rights and signed the Administrative Form indicating such. Sgt. Ryan chose to have NJLESA IVP Rep. Sgt. REDACTED Messier present during the interview, at which time he indicated that he was enroute to the unit during the time of the incident after receiving a call from the Unit Officer (SCO McCabe) requesting his presence. Sgt. Ryan stated that when he entered the unit he observed inmate Ruiz swinging wildly at SCO McCabe and SCO Stretch. Sgt. Ryan stated that inmate Ruiz was striking both Officers with closed first, at which time he called a Code-33 (Officer Needs Assistance). Sgt. Ryan stated that SCO Welden, SCO Manning, SCO Reeves, and SCO Arrowood were assisting to secure inmate Ruiz, at which time SCO Manning employed O.C. spray to subdue the inmate. Sgt. Ryan stated that no Officers assaulted and/or used excessive force in his presence during the incident in question.

It should be noted that inmate Ruiz alleged that he was assaulted due to criminal charges he received prior to his incarceration, however all of the Officers involved in this altercation were questioned about inmate Ruiz and each Officer denied questioning or having any knowledge of inmate Ruiz' criminal charges.

In summary, the Special Investigations Division/Internal Affairs Unit received a referral regarding an allegation that SCO McCabe and SCO Stretch assaulted inmate Ruiz.

Inmate Ruiz was interviewed by this Investigator, at which time he denied assaulting SCO McCabe or SCO Stretch. Inmate Ruiz alleged that they assaulted him due to the criminal charges that he was sentenced for. It should be noted that this Investigator reviewed inmate Ruiz criminal history and confirmed that he did receive a charge for assaulting an Officer. Inmate Ruiz was unable to provide any witnesses and/or evidence to substantiate his allegations of assault. Furthermore, it should be noted that inmate Ruiz was charged with assaulting SCO McCabe and SCO Stretch, at which time

he was afforded due process and given a Departmental Hearing. Inmate Ruiz was subsequently found guilty of assault against both SCO McCabe and SCO Stretch. Inmate Ruiz received a combined sanction of 30 days Detention, 940 days of Administrative Segregation and 940 days loss of Computation time.

This Investigator interviewed the inmate Kitchen Detail working on the unit at the time of the incident as well as several other inmates on the housing unit (E-Unit). None of the inmates interviewed provided any information to corroborate inmate Ruiz' allegations. Each inmate denied witnessing any altercation between the BSP Officers and inmate Ruiz. It should be noted that the inmates indicated that they heard an Officer yell get down, which means that they must get on the floor and look down until they are ordered back up. These inmates indicated that if they fail to comply with the orders given by any Officer then they would be subject to disciplinary action; therefore they did not see what actually occurred.

SCO McCabe and SCO Stretch were also interviewed by this Investigator (separately) with their Union representatives, at which time they denied assaulting inmate Ruiz.

It should be noted that there were several officers (Manning, Togno, Welden, Arrowood, and Reeves) assigned on the unit for food service at the time of the incident. Each Officer stated that they saw inmate Ruiz assault SCO McCabe and that when responding Officers attempted to restraint him, inmate Ruiz continued to be combative and resisted. Additionally, these Officers were also questioned if they witnessed SCO McCabe, SCO Stretch, or any other Officer assaulted inmate Ruiz, which they denied.

In conclusion, based upon the above information this Investigator was unable to find any evidence to substantiate inmate Ruiz' allegations at this time, however should any additional information be received a supplemental report will be submitted for appropriate action.

This report is being forwarded to Departmental Authorities for any action deemed appropriate.

CC: Chief REDACTED Bolden, Special Investigations Division
    Case File: IAU13-04-04

REDACTED REDACTED
REDACTED REDACTED
REDACTED REDACTED
REDACTED REDACTED

**Signature of Reporting Officer:**

**Name/Title of Officer: HEPNER,** REDACTED

**Date: 08/01/2013**